**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

---

RAY McCALL, KATHRYN McCALL,
and McCALL'S CARPET PAINT &
WALLPAPER dba McCALL'S CARPET
ONE FLOOR & HOME,

      **Plaintiffs,**

**v.**                                 **No: _____**
                                           **JURY DEMANDED**

OHIO SECURITY INSURANCE COMPANY,

      **Defendant.**

---

## COMPLAINT

---

COME NOW the Plaintiffs, Ray McCall, Kathryn McCall, and McCall's Carpet Paint & Wallpaper dba McCall's Carpet One Floor & Home, by and through counsel, and submit the following for their Complaint against Ohio Security Insurance Company:

## **PARTIES AND JURISDICTION**

1. Plaintiffs Ray McCall and Kathryn McCall are domiciled in and citizens of Davidson County, Tennessee. At all times relevant hereto, Plaintiffs Ray McCall and Kathryn McCall owned the real property and improvements located at and around 232 Franklin Road, Franklin, Tennessee 37064 and identified as location number 3 in the Policy, which is defined below (the "Insured Premises").

2. Plaintiff McCall's Carpet Paint & Wallpaper dba McCall's Carpet One Floor & Home ("McCall's Carpet") is a sole proprietorship, of which Plaintiff Ray McCall is the sole

proprietor. Plaintiff McCall's Carpet is a citizen of Tennessee. At all times relevant hereto, McCall's Carpet possessed an insurable interest in the Insured Premises.

3. Plaintiffs Ray McCall, Kathryn McCall, and McCall's Carpet Paint & Wallpaper dba McCall's Carpet One Floor & Home shall be collectively referred to herein as "Plaintiffs".

4. Defendant Ohio Security Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Williamson County, Tennessee. Defendant is a corporation formed under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, MA 02116. Defendant is a citizen of New Hampshire and Massachusetts.

5. This Complaint originates as the result of a wind and/or hailstorm event that caused substantial insured losses to the Insured Premises and Defendant's failure and refusal to promptly and fully pay Plaintiffs' insurance claim and otherwise honor the terms of the subject insurance policy.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 the Insured Premises is situated in this District, and the events giving rise to the claim upon which this action is based occurred in this District.

## **FACTS**

### The Policy

8. At all times relevant hereto, Plaintiffs were insured pursuant to an insurance policy, bearing Policy No. BZS (25) 56 58 06 62, whereby Defendant agreed to insure the Insured

2

Premises against property damage (the "Policy"). The relevant term of the Policy is March 13, 2024 through March 13, 2025. A copy of the Policy is attached hereto as ***Exhibit 1*** and is incorporated herein by reference as if set forth verbatim.

9. The Policy provided insurance coverage for direct physical loss or damage to the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

10. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss or damage to the covered property except for those specifically excluded or limited by the Policy.

11. The Policy's coverage for the Insured Premises was on a replacement cost valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

12. The Policy provided a blanket limit of insurance for the Insured Premises, along with two (2) other scheduled locations, in the amount of $3,688,417.

13. The Policy included a deductible of $1,000.00.

14. Pursuant to the Policy, Plaintiffs paid an annual premium to Defendant in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

The Loss & Claim Investigation

15. On or about May 26, 2024, during the term of the Policy, the Insured Premises was damaged by a severe wind and/or hailstorm event, resulting in substantial direct physical loss and damage to the Insured Premises, including, but not limited to, its roof, siding, and other exterior components (the "Loss").

16. The Policy was in full force and effect at the time of the Loss.

3

17. As it relates to the Loss, there is no applicable exclusion or limitation. The Loss is a compensable claim under the Policy.

18. Plaintiffs were informed of the Loss by an engineer, Kate Dicks, who inspected the Insured Premises on March 25, 2026.

19. Mrs. Dicks issued a report dated March 29, 2026 (the "Kate Dicks' Report").

20. The Kate Dicks' Report confirmed that the May 26, 2024 storm event included hail of 1.3 inch at the Insured Premises.

21. The Kate Dicks Report confirmed that the May 26, 2024 storm event damaged the Insured Premises' roof and metal siding.

22. Specifically, the Kate Dicks' Report confirmed that Ms. Dicks located hail damage, including dents of up to 1.5" in diameter on the Insured Premises' roof and metal siding.

23. Plaintiffs promptly reported the Loss to Defendant upon receiving the Kate Dicks' Report.

24. Defendant assigned claim number 24314049.

25. On May 19, 2026, Defendant issued a reservation of rights letter, which advised Plaintiffs, in relevant part, that "[w]e will continue to investigate your loss".

26. To date, Defendant has neither accepted coverage for the Loss nor issued any payment therefor.

27. The claim adjustment process remains ongoing, and Plaintiffs desire that the claim process continue until completion.

4

<u>Defendant's Refusal to Enter a Tolling Agreement</u>

28.     With respect to legal actions against Defendant, the Policy provides that Plaintiffs may not bring a legal action against Defendant unless such suit is brought within two years of the Loss.

29.     In an effort to avoid potentially unnecessary litigation, Plaintiffs requested that Defendant execute a Tolling Agreement that would extend the Policy's suit limitations period.

30.     Defendant refused to enter a Tolling Agreement.

31.     Although the claim adjustment process is still ongoing and Plaintiffs desire to resolve the claim, Plaintiffs file this lawsuit out of an abundance of caution to avoid any such claim by Defendant that Plaintiffs failed to comply with the contractual limitations period, as set forth in the Policy.

<u>The Loss is Compensable Under the Policy</u>

32.     Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them by the Policy to the satisfaction of Defendant.

33.     The damage caused by the Loss is covered by the Policy.

34.     There is no reasonable coverage dispute.

35.     Defendant has failed to indemnify Plaintiffs as required by the Policy, and Plaintiffs have not been properly compensated for the damage to the Insured Premises

36.     The amount owed by Defendant to Plaintiffs less the applicable deductible is in excess of $75,000.00.

37.     Defendant's refusal to pay Plaintiffs the amounts owed to them for the Loss is without justification.

5

38. Defendant is in material breach of the Policy by failing to fully and adequately pay Plaintiffs for their covered losses.

39. Defendant's failure and refusal to pay the money and benefits due and owing Plaintiffs under the Policy and to enter a Tolling Agreement caused Plaintiffs to initiate this Complaint to recover the insurance proceeds to which they are entitled.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

40. The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

41. The Policy issued by Defendant is a binding contract between Plaintiffs and Defendant and is supported by valid consideration.

42. Defendant is in total material breach of the Policy, and Defendant is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant breached its contract with Plaintiffs by failing and refusing to fully and promptly pay the amounts owed to Plaintiffs as a result of the Loss and as required by the terms of the Policy.

43. As a result of Defendant's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy.

44. Defendant is liable to Plaintiffs for their losses.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment to Plaintiffs as follows:

A. For compensatory damages in an appropriate amount to be determined by the jury;

B. For all costs incurred by Plaintiffs as a result of this action;

C. For pre- and post-judgment interest; and

D.     For such other further and general relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demand a jury.


Respectfully submitted,

McWHERTER SCOTT & BOBBITT, PLC

s/Baker G. Evans
BAKER G. EVANS #039868
baker@msb.law
54 Exeter Rd., Ste. D
Jackson, Tennessee 38305
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

*Attorney for Plaintiffs*

7